# COPY

1  GIBSON, DUNN & CRUTCHER LLP
   MICHELE L. MARYOTT, SBN 191993,
2     MMaryott@gibsondunn.com
   ASHLEY L. ALLYN, SBN 254559,
3     AAllyn@gibsondunn.com
   3161 Michelson Drive
4  Irvine, California 92612-4412
   Telephone: (949) 451-3800
5  Facsimile: (949) 451-4220

6  Attorneys for Defendant
   SUNRISE SENIOR LIVING
7  MANAGEMENT, INC.

8

9                   UNITED STATES DISTRICT COURT

10                 CENTRAL DISTRICT OF CALIFORNIA

11                        SOUTHERN DIVISION

12

13  LASHONE PURNELL, as an individual        CASE NO.    SACV10-00897 CJC(MLGX)
14  and on behalf of all employees similarly
    situated                                 NOTICE OF REMOVAL OF CLASS
15                                            ACTION BY DEFENDANT SUNRISE
                Plaintiffs,                   SENIOR LIVING MANAGEMENT,
16                                            INC. PURSUANT TO 28 U.S.C.
                                              § 1441(B)
17       v.
                                             (Orange County Superior Court Case No.
18  SUNRISE SENIOR LIVING                     30-2010-00372725)
    MANAGEMENT, INC., and Does 1
19  through 50, inclusive,

20              Defendants.

21  TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

22  CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF LASHONE

23  PURNELL AND HER COUNSEL OF RECORD:

24       PLEASE TAKE NOTICE THAT, pursuant to the Class Action Fairness Act

25  of 2005, 28 U.S.C. §§ 1332(d), 1453, 1711-1715, Defendant Sunrise Senior Living

26  Management, Inc. (hereinafter "Sunrise") hereby removes to the United States District

27  Court for the Central District of California the above-captioned state court action,

28

Gibson, Dunn &
Crutcher LLP

1   originally filed as Case No. 30-2010-00372725 in Orange County Superior Court,

2   State of California.  Removal is proper on the following grounds:

3                          **TIMELINESS OF REMOVAL**

4          1.     Plaintiff LaShone Purnell (hereinafter "Plaintiff") filed a class action

5   Complaint against Sunrise on May 14, 2010, in Orange County Superior Court, State

6   of California, Case No. 30-2010-00372725, captioned *LaShone Purnell, as an*

7   *individual and on behalf of all employees similarly situated v. Sunrise Senior Living*

8   *Management, Inc.* (the "Class Action").  Pursuant to 28 U.S.C. § 1446(a), true and

9   correct copies of the Summons and Complaint are attached as Exhibits A and B to the

10  Declaration of Michele L. Maryott ("Maryott Decl.") filed concurrently herewith.

11  Plaintiff served Sunrise with the Summons and Complaint on May 18, 2010.  *See*

12  Maryott Decl., Exh. E.  This notice of removal is therefore timely pursuant to 28

13  U.S.C. § 1446(b) because it is filed within 30 days after service was completed.

14         2.     On June 15, 2010, Sunrise filed its Answer to the Complaint.  Maryott

15  Decl., ¶¶ 4-5, Exh. C.  There have been no other proceedings in the Class Action.

16      **SUMMARY OF PLAINTIFF'S ALLEGATIONS AND FACTS**

17        **GIVING RISE TO JURISDICTION AND REMOVAL**

18         3.     Plaintiff's Complaint alleges that Sunrise violated state wage and hour

19  laws by, *inter alia*, failing to pay overtime for all time Plaintiff and the putative class

20  members actually worked, failing to provide meal and rest breaks or compensation in

21  lieu thereof as required by California law, and failing to maintain accurate payroll

22  records.  *See* Maryott Decl., Exh. B ("Complaint"), at ¶¶ 26-80.  Plaintiff seeks to

23  represent a class of Sunrise employees described as follows:

24         All of Defendants' "Care Givers, Registered Nurses, Licensed Vocational

25         Nurses, Certified Nursing Assistants and related positions" employed by

26         Defendants who were hourly non-exempt on or after four years prior to

27         the commencement of this action who were not paid the legally required

28         overtime rate for all hours worked in excess of eight (8) hours per

workday and/or forty (40) hours per workweek, were denied meal and/or rest periods due to Defendants' failure and/or refusal to schedule Plaintiff and Plaintiff Class in an adequately overlapping fashion so as to reasonably provide shift relief thereby depriving Plaintiff and Plaintiff Class of the requisite rest and/or meal periods altogether or in the statutorily required time frame, and payments under Labor Code § 226.7 and to whom Defendants failed to pay wages of terminated or resigned employees under Labor Code §§ 201-203.

Complaint, ¶ 22.

4.    Plaintiff alleges that Sunrise attempted to "lower their cost of doing business" for the purpose of gaining a competitive advantage by violating various wage and hour laws. *Id.*, ¶ 58. Specifically, Plaintiff alleges that "the Defendants and each of them required the Plaintiff and Class members to work overtime without lawful compensation" and has "failed and refused . . . to pay due and owing wages promptly upon termination of employment to Plaintiff and certain Plaintiff Class members." *Id.*, ¶ 20.

5.    Plaintiff further alleges that Sunrise "failed and/or refused to schedule Plaintiff and Plaintiff Class in an overlapping manner so as to reasonably provide meal and/or rest breaks and/or shift relief for Plaintiff and Plaintiff Class," and thus caused Plaintiff and the putative class members to miss meal periods and/or rest breaks or receive late meal periods and rest breaks without compensating them for these alleged violations. *Id.*, ¶ 21.

6.    In addition, Plaintiff asserts that "Defendants' records do not accurately reflect where Plaintiff and Plaintiff Class members worked during their meal and/or rest breaks due to Defendants' failure to schedule Plaintiffs and Plaintiff Class members in an overlapping manner so as to provide them with a meal and/or rest break" in violation of California Labor Code Section 1174(d). *Id.*, ¶¶ 51-52.

Gibson, Dunn &
Crutcher LLP

3

7.     Sunrise denies any liability in this case and intends to vigorously oppose class certification.  Sunrise believes that class treatment is completely inappropriate under the circumstances here and that there are many differences between the named Plaintiff and the various employees Plaintiff seeks to represent in her Complaint.  Sunrise expressly reserves all rights in this regard.  However, for purposes of the jurisdictional requirements *for removal only*, Sunrise has a good faith basis to believe that the **allegations** in Plaintiff's Complaint put in controversy, in the aggregate, an amount that exceeds $5 million.  *See* 28 U.S.C. § 1332(d)(6) (claims of individual class members set forth in the Complaint are "aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000").

**A.     Based on Plaintiff's Allegations, There Are More Than 100 Members in The Proposed Class**

8.     According to Plaintiff, the "Plaintiff Class consists of persons working in hourly positions including, but not limited to Care Givers, Registered Nurses, Licensed Vocational Nurses, Certified Nursing Assistants, and related positions" who were working in California from May 14, 2006 to May 14, 2010 and who were allegedly subjected to Sunrise's alleged wage and hour violations.  Complaint, ¶¶ 1, 8.

9.     Based on a good faith review of information currently available, Sunrise estimates that there are approximately 3,951 non-exempt hourly employees in California who have worked full-time in the positions of Care Managers,[1] Registered Nurses, Licensed Vocational Nurses, and Certified Nursing Assistants (the "Identified Positions") from May 14, 2006 to May 14, 2010.  *See* Owen Decl., ¶ 8.  Sunrise considers an employee to be a full-time employee if he or she works a minimum of 32 hours per week.  *Id.*

---

[1]     Plaintiff asserts that she worked as a Care Giver, but her personnel records reflect that her job title was Care Manager.  *See* Declaration of Maryann R. Owen ("Owen Decl."), ¶ 7.

**B.    Sunrise and Plaintiff Are Citizens of Different States**

10.    Plaintiff alleges that she is a resident of and/or is domiciled in the State of California.  Complaint, ¶ 6.  As such, Plaintiff is a citizen of California.

11.    Sunrise is incorporated in the Commonwealth of Virginia, and its principal place of business is located in McLean, Virginia.  Owen Decl., ¶ 5.  The Supreme Court recently interpreted the phrase "principal place of business" in 28 U.S.C. § 1332(c)(1) & (d)(2)(A) to mean "the place where a corporation's officers direct, control, and coordinate the corporation's activities," *i.e.*, its "nerve center," which "should normally be the place where the corporation maintains its headquarters, provided that the headquarters is the actual center of direction, control, and coordination."  *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).  Sunrise's headquarters located in McLean, Virginia constitute its "nerve center" under the test adopted in *Hertz* because Sunrise's high-level officers direct, control, and coordinate the corporation's activities from that location.  Owen Decl., ¶¶ 3-4.  Among other things, Sunrise's corporate officers and executives oversee core business functions relating to resident care and services, such as establishing systems, policies and procedures related to resident care and services, assisting the communities with employee recruitment and development; administering benefits and compensation; developing sales and marketing strategy and support; and handling corporate communications and all finance, accounting, legal, asset management and real estate development.  *Id.* ¶ 4.  Consequently, Sunrise is a citizen of the Commonwealth of Virginia, not California.

12.    Plaintiff also named as defendants Does 1 through 50.  For purposes of removal jurisdiction, the "citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441(a).

**C.    The Amount In Controversy Exceeds $5 Million**

13.    Where, as here, the Plaintiff has alleged merely that the individual claims are under $75,000, and the prayer for relief contains no amount of damages,

Gibson, Dunn &
Crutcher LLP

5

1    defendants are required to prove by a preponderance of the evidence that the amount in

2    controversy exceeds $5 million. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696,

3    699 (9th Cir. 2007); *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204

4    (E.D. Cal. 2008). The burden on defendants is "not daunting, as courts recognize that

5    under this standard, a removing defendant is *not* obligated to research, state, and prove

6    the plaintiff's claims for damages." *Korn*, 536 F. Supp. 2d at 1204-05 (internal

7    quotation omitted) (emphasis in original).

8            **1.    Plaintiff's Claim for Penalties Pursuant to California Labor Code**

9                    **§ 1174(d) Exceeds the Amount in Controversy Requirement**

10           14.    Plaintiff alleges in her Fifth Cause of Action that Sunrise "willfully and

11   intentionally failed to make and/or keep records which accurately reflect the hours

12   worked by Plaintiff and Class members" as required by California Labor Code

13   section 1174(d). Complaint, ¶¶ 50-51. Plaintiff further alleges that she and each

14   putative class member are entitled to "penalties of $100.00 and [sic] for the initial

15   violation and $200.00 for each subsequent violation for every pay period during which

16   these records and information were not kept by Defendants," as well as a "statutory

17   penalty of $500 for Plaintiff and each Class member pursuant to Labor Code

18   section 1174.5." Complaint ¶¶ 52-53. Sunrise denies that it owes any such penalties,

19   but relies on Plaintiff's specific allegations for the purpose of calculating the amount in

20   controversy.

21           15.    Sunrise's practice from at least 2006 to the present has been to issue

22   paychecks to employees on a bi-weekly basis (every second week). As such, a pay

23   period includes two weeks. Owen Decl., ¶ 6.

24           16.    During the one-year period prior to the filing of the Complaint,[2] Sunrise

25   employed approximately 1,583 full-time non-exempt hourly employees in the

26

27   ─────────────────────────

28           [2]   The statute of limitations for an action upon a statute for a penalty is one year.
             Cal. Civ. Proc. Code § 340(a).

Gibson, Dunn &
Crutcher LLP

6

Identified Positions in California. Owen Decl., ¶ 9. These employees worked an aggregate total of 31,470 pay periods from May 14, 2009 to May 14, 2010. *Id.* Based on Plaintiffs' allegations, the amount in controversy with respect to Plaintiff's Fifth Cause of Action alone is $6,927,200, calculated as follows:

| | |
|---|---|
| Penalty for initial violation for each employee (1,583 employees or pay periods x $100): | $158,300 |
| Penalty for each subsequent violation for each employee (29,887 subsequent pay periods [31,470-1,583]) x $200: | $5,977,400 |
| Statutory penalty of $500 per employee (1,583 x $500) | $791,500 |
| **Amount in Controversy Based on Plaintiffs' Allegations:** | **$6,927,200** |

The amount in controversy alleged by Plaintiff thus exceeds the $5 million requirement.

**2.   Plaintiff's Claim for Waiting Time Penalties Further Confirms That The Amount in Controversy Requirement is Met**

17.   Based on Plaintiff's allegation that she and the putative class members did not receive all wages to which they were entitled during their employment, either as a result of Sunrise's alleged failure to pay overtime or to compensate employees for missed meal periods and rest breaks, Plaintiff alleges that every putative class member who ended their employment with Sunrise between May 14, 2006 and May 14, 2010 is entitled to recovery of waiting time penalties pursuant to California Labor Code sections 201-203. Complaint, ¶ 47.

18.   If an employer fails to pay all wages due an employee at the time of termination, as required by Labor Code section 201, or within 72 hours after resignation, as required by Labor Code section 202, then the wages "shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced," for up to a maximum of 30 days. Cal. Lab. Code § 203. An employer may not be liable for penalties if a good faith dispute exists as to whether the wages are

Gibson, Dunn &
Crutcher LLP

7

1   owed.  Further, to be liable for waiting time penalties, an employer's failure to pay

2   wages within the statutory time frame must be *willful*:  "A willful failure to pay wages

3   within the meaning of Labor Code Section 203 occurs when an employer *intentionally*

4   fails to pay wages to an employee when those wages are due."  Cal. Code of Regs.,

5   § 13520 (emphasis added).  Sunrise denies that any such penalties are owed to Plaintiff

6   or putative class members.  However, for purposes of this jurisdictional analysis *only*,

7   Sunrise relies solely on Plaintiff's allegations that the penalties are owed.

8        19.    Sunrise employed approximately 3,951 full-time employees in the

9   Identified Positions between May 14, 2006 and May 14, 2010.  Of those individuals,

10  2,773 of them resigned or were terminated during that same time period.  Owen Decl.,

11  ¶ 8.  The average hourly pay rate for the 2,773 employees was $11.13.  *Id.*

12       20.    If, as Plaintiff alleges, individuals who left the employment of Sunrise

13  during the four years preceding the filing of the Complaint were owed wages and did

14  not receive them, the amount in controversy with respect to the waiting time penalties

15  claim would be approximately $5.9 million, calculated as follows:

16

17  $11.13 average hourly rate x 32 hours per week ÷ 5 work     $71.23 daily rate[3]

18  days per week:

19  $71.23 x 30 days maximum penalty:                          $2,136.96 per

20                                                             employee

21  Amount in controversy based on Plaintiffs' allegations
    equals $2,136.96 x 2,773 employees:                        **$5,925,790.08**

22

23  ───────────────────

24  [3]   Under one interpretation of California Labor Code section 203, calculation of
    waiting time penalties for wages owed requires the calculation of an employee's
25  *daily* rate of pay, which is then multiplied by a maximum of 30 days, depending
    on the length of delay in receipt of wages, in order to determine the amount of
26  penalty owed.  *See Mamika v. Barca*, 68 Cal. App. 4th 487, 493 (1998) (the
    waiting time penalty is "equivalent to the employee's daily wages for each day
27  he or she remained unpaid up to a total of 30 days"; the "critical computation" is
    "the calculation of a daily wage rate, which can then be multiplied by the
28  number of days of nonpayment, up to 30 days.");  *Drumm v. Morningstar*,
    No. C08-03362 TEH, 2010 WL 728333, at *2 (N.D. Cal. Feb. 26, 2010) (same).

Gibson, Dunn &
Crutcher LLP

8

3.      **Plaintiff's Allegations Regarding Meal and Rest Periods and Overtime Further Increase the Amount In Controversy.**

21.     Plaintiff alleges that Sunrise intentionally and improperly denied meal and rest periods to her and the putative class members in violation of Labor Code sections 226.7 and 512. Complaint, ¶¶ 32, 42. Specifically, Plaintiff alleges that "Plaintiff and Plaintiff Class members were often forced to forego a meal period and/or work during their meal period" and "Plaintiff and Plaintiff Class members did not receive their rest breaks within the required statutory time frame" or compensation in lieu thereof. *Id.*

22.     Plaintiff failed to specify in her Complaint how many meal periods or rest breaks she actually missed for which she was not properly compensated. However, Plaintiff alleges the existence of a systemic failure on the part of Sunrise to schedule employees in a way that would permit her and others to take their meal periods and rest breaks. Under such a theory, if each of the 3,951 full-time employees in the Identified Positions missed one meal period <u>or</u> rest break for which they were not compensated per pay period, at the average hourly pay rate of $11.43 for all 135,713 pay periods worked by those employees, the amount in controversy on this claim would be $1,551,199.59. *See* Owen Decl., ¶ 8.

23.     Applying a similar analysis to Plaintiffs' overtime claim, if Plaintiff could establish that each of the 3,951 employees were not paid properly for one hour of overtime per pay period, the amount in controversy would be $776,278.36.[4]

24.     In performing these calculations, Sunrise did not consider Plaintiff's assertion that she would be entitled to treble damages for alleged unlawful business practices, Complaint, ¶ 66, or Plaintiff's claim that she is entitled to attorneys' fees with respect to the majority of her claims. The attorneys' fees Plaintiff seeks may,

---

[4]    This amount is calculated as follows: The overtime rate on an hourly rate of $11.43 would be $17.15 ($11.43 x 1.5). The difference between $17.15 and $11.43 ($5.72) multiplied by 135,713 pay periods equals $776,278.36.

Gibson, Dunn &
Crutcher LLP

1   however, be properly included when determining the amount in controversy under

2   CAFA. *Loudermilk v. US Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007)

3   (holding that where an underlying statute authorizes an award of attorneys' fees, such

4   fees may be included in the amount in controversy).

5       25.    Based on the foregoing, the jurisdictional amount in controversy

6   requirement is met and removal to this Court is proper under CAFA.

**THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER**

8       26.    Based on the foregoing facts and allegations, this Court has original

9   jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because:

10      (a)    This is a civil action which is a class action within the meaning of

11             § 1332(d)(1)(B);

12      (b)    The action involves a putative class of at least 100 persons as

13             required by Section 1332(d)(5)(B);

14      (c)    The alleged amount in controversy exceeds $5 million, exclusive of

15             interest and costs as required by Section 1332(d)(2); and

16      (d)    A member of the class is a citizen of a state different from any

17             defendant as required by Section 1332(d)(2)(A).

18   Accordingly, this action is properly removable under 28 U.S.C. §§ 1441, 1446 and

19   1453.

20      27.    The United States District Court for Central District of California,

21   Southern Division is the federal judicial district in which the Orange County Superior

22   Court sits. This action was originally filed in Orange County Superior Court,

23   rendering venue in this federal judicial district and division proper. 28 U.S.C. § 84(c);

24   *see also,* 28 U.S.C. § 1441(a).

25      28.    True and correct copies of the Summons, Complaint, and Answer are

26   attached as Exhibits A, B and C to the Maryott Declaration filed concurrently

27   herewith. This constitutes the complete record of all records and proceedings in the

28   state court.

Gibson, Dunn &
Crutcher LLP

29.   Upon filing the Notice of Removal, Sunrise will furnish written notice to Plaintiff's counsel, and will file and serve a copy of this Notice with the Clerk of the Orange County Superior Court, pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Sunrise hereby removes this action from the Superior Court of California in and for the County of Orange.

Dated:  June  17 , 2010

GIBSON, DUNN & CRUTCHER LLP
MICHELE L. MARYOTT
ASHLEY L. ALLYN

By: _____
Michele L. Maryott

Attorneys for Defendant
SUNRISE SENIOR LIVING
MANAGEMENT, INC.

100886737_2.DOC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Cormac J. Carney  and the assigned discovery Magistrate Judge is Marc Goldman.

The case number on all documents filed with the Court should read as follows:

## SACV10- 897 CJC (MLGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [X] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

# COPY

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
LaShone Purnell

**DEFENDANTS**
Sunrise Senior Living Management, Inc.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Mahoney & Burrows
249 E. Ocean Blvd., Suite 814
Long Beach, CA 90802

Attorneys (If Known)

Michele L. Maryott/Ashley L. Allyn
Gibson, Dunn & Crutcher LLP
3161 Michelson Dr. 12th Flr.
Irvine, CA 92612

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding

☑ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify):

☐ 6 Multi-District Litigation

☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes   ☐ No      ☑ MONEY DEMANDED IN COMPLAINT: $ Amt. in controversy exceeds $5M

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Wage and hour dispute, removed under 28 U.S.C. 1332(d), 1453 (Class Action Fairness Act)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number: **SACV10-00897 CJC(MLGX)**

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                                   CIVIL COVER SHEET                                   Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LaShone Purnell, Orange County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Sunrise Senior Living Management, Inc., Commonwealth of Virginia |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): *Michele Maryott*          Date June 17, 2010

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |